IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HARRY T. PALMER, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 8:18-cv-0085-PX |
| URGO HOTELS, L.P., | * | |
| Defendant. | * | |
| | ****** | |

**MEMORANDUM OPINION**

Pending before the Court is Defendant Urgo Hotels, L.P.'s motion to dismiss Plaintiffs Harry and Diane Palmer's Complaint under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e). ECF No. 15. Plaintiffs oppose the motion to dismiss and request, in the alternative, leave to file an amended Complaint. ECF No. 18. The issues are fully briefed, and the Court now rules pursuant to Local Rule 105.6 as no hearing is necessary. For the reasons set forth below, the Court grants the Palmers' request for leave to amend the Complaint and denies Defendant's motion as moot and without prejudice to refile.

**I.    Background**

On August 29, 2017, Plaintiffs Harry T. Palmer and his wife Diane Palmer (collectively, "the Palmers"), were guests at the Cocodimama Resort ("the Resort") in Eleuthera, Bahamas. ECF No. 1 ¶¶ 6,7,15. Palmer suffered severe and permanent injuries to his spinal cord when he fell through the stairs leading to his hotel room. ECF No. 1 ¶7. The Palmers thereafter filed this action against Urgo Hotels, L.P. ("Urgo"), a Maryland company, alleging negligence and loss of consortium. ECF No. 1 ¶¶ 5, 10, 16. Specifically with respect to Urgo, the Complaint avers that

1

Urgo "together with Eluethera Hotels Ltd and Cocodimama Ltd, their agents and apparent agents," owns, operates, manages or controls the Resort. ECF No. 1 ¶ 6. The Palmers allege that Urgo, as principal, breached its duty to maintain the Resort in a safe condition, thereby leading to Palmer's injuries. ECF No. 1 ¶¶ 10-13.

Urgo now seeks dismissal, contending that the Complaint does not include sufficient facts to plausibly infer liability as to Urgo for events occurring on Resort property. ECF No. 15. Urgo alternatively requests that the Palmers provide a more definite statement, pursuant to Federal Rule of Civil Procedure Rule 12(e), in an Amended Complaint as to Urgo's liability. The Palmers oppose the motion, but request that, in the event the Court grants dismissal, they be accorded leave to amend the Complaint. ECF No. 18.

## II. Standard of Review

In ruling on a motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions of wrongdoing' necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

The purpose of a motion to dismiss under Rule 12(b)(6) "is to test the sufficiency of the complaint." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). A complaint need only satisfy the standard of Rule 8(a),

which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

### III. Analysis

Urgo principally argues that the Complaint fails to aver plausibly that Urgo maintains any relationship with the Resort sufficient to confer liability for any claimed negligence occurring on Resort property. ECF No. 15 at 4. It is axiomatic that in premises liability cases, an entity wholly uninvolved in the premises does not, without more, shoulder a duty of reasonable care or safekeeping to its invitees. *See, e.g.*, Restatement (Third) Torts, § 51 (General Duty of Land Possessors) (setting forth circumstances under which "a land possessor owes a duty of reasonable care to entrants on the land"); *Colonial Stores, Inc. v. Pulley*, 203 Va. 535, 537 (1962) (operator of store owes duty of ordinary care against Plaintiff invitee); *cf. Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007) (holding judgment against subsidiary does not render the parent corporation a "real party defendant"); *DiFederico v. Marriott Int'l, Inc.*, No. RWT-11-1508, 130 F. Supp. 3d 986, 992 (D. Md. Sept. 18, 2015) (franchisor only liable for injuries sustained at hotel where franchisor "exercises direct control over a particular activity causing injury."). Put differently, where a defendant exercises no control over the premises, it cannot be said to assume liability for injuries that occurred on the premises. *Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 884 (D. Md. 2016) ("the key element of control . . . must exist in

respect to the very thing from which the injury arose.") (quoting *Schramm v. Foster*, 341 F. Supp. 2d 536, 546 (D. Md. 2004)).[1]

The Complaint on this matter is deficient as to Urgo's relationship to the Resort. Although the Complaint states, in conclusory fashion, that Urgo controlled the Resort Entities, and the Resort Entities were the actual or apparent agents of Urgo, ECF No. 1 ¶¶ 6,8, 9, no facts support these assertions. Without supplemental facts from which the Court could plausibly infer that the Resort is an actual or apparent agent of Urgo, liability against Urgo fails. *See Iqbal*, 550 U.S. at 546.

The Palmers, in response, contend that the rental agreement through which they made their travel plans clearly reflects Urgo as the "'Owner' of the resort in question." ECF No. 18, ¶¶ 1, 5. Accordingly, say the Palmers, Urgo is "fully aware of the allegations against it and has more than enough information, together with the complaint, to file an answer." ECF No. 18 ¶ 6. The Palmers may be correct as a practical matter. But this does not alter the legal insufficiency of the Complaint. This distinction is critical because a motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the *complaint*" *Presley*, 464 F.3d at 483 (citation and internal quotation marks omitted, emphasis added); and the Complaint "may not be amended by the briefs in opposition to the motion to dismiss." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (citation and internal quotation marks omitted).

That said, the Court notes that the case is in its infancy, and the Palmers appear to have a sufficient factual predicate to proceed against Urgo. The Court, therefore, grants the Palmers

---

[1] Loss of consortium is a common law claim derivative to the negligence action. *See, e.g.*, Restatement (Second) of Torts § 693 (an action by one spouse for harm caused by tort against the other spouse "is required to be joined with the action for illness or bodily harm, and recovery for loss of society and services is allowed only if the two actions are so joined.").

fourteen days from the date of this Opinion to amend the Complaint with facts supporting liability as to Urgo.  The Court denies Defendant's motion as moot and without prejudice to refile its motion or otherwise answer the Amended Complaint.  A separate Order follows.


         10/17/2018                                          /S/                    
Date                                             Paula Xinis
                                                 United States District Judge